IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>BILL BROWN and CYNTHIA BROWN,<br><br>    Debtors. | Filed / Docketed<br>July 19, 2007<br><br>Case No. 03-03650-M<br>Chapter 12 |
| IN RE:<br><br>MARK BROWN,<br><br>    Debtor. | Case No. 03-03651-M<br>Chapter 12 |
| IN RE:<br><br>MARK BROWN,<br><br>    Debtor. | Case No. 06-10734-M<br>Chapter 12 |

### MEMORANDUM OPINION REGARDING
### MOTION TO ALTER OR AMEND JUDGMENT

THIS MATTER comes before the Court pursuant to "James S. Matthews Motion to Amend Judgment and for Stay of Proceedings" (the "Motion"), filed by James S. Matthews, Jr. ("Matthews").[1] Matthews requests that the Court amend the Judgment (the "Judgment") entered in each of the above-captioned bankruptcy cases on June 29, 2007, which ordered him to disgorge fees to Bill Brown, one of the debtors herein. Matthews seeks additional time to return the monies that he has been ordered to return, and other relief that the Court finds more difficult to define. For the reasons set forth below, the Motion is granted in part.

### Background

The facts in this matter were set forth in a Memorandum Opinion filed concurrently with the Judgment (the "Memorandum Opinion"), and will not be repeated here. On June 29, 2007, the Court

---

[1] Case No. 06-10734-M, *Docket No. 101*.

entered the Judgment, which required Matthews to disgorge the sum of $10,697.08 to Bill Brown within 10 days of its entry. In addition, the Judgment ordered Matthews, on or before July 10, 2007, to file a report with the Court confirming that all sums due were actually paid. The Judgment advised Matthews that if such a report were not timely filed, the Court would enter an order suspending Matthews from practice before this Judge and refer the matter to the Disciplinary Committee of the United States District Court for the Northern District of Oklahoma for such further proceedings as that body might deem appropriate. In the Motion, Matthews argues that the brief compliance period is punitive in nature, that the Judgment is an excessive exercise of the Court's power under 11 U.S.C. § 105, and that the Court's decision underlying the Judgment places a burden on Court resources. In addition, Matthews asks the Court to issue an order clarifying the appropriate guidelines for attorney fee applications and disclosure in bankruptcy cases.

## Discussion

Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023, allows a court to consider a "motion to alter or amend a judgment" when it is filed within 10 days of the judgment.[2] "A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'"[3]

---

[2] Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023; *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Matthews also refers to Federal Rule of Civil Procedure 62. This rule does not apply to contested matters unless specifically directed by the Court, which has not occurred in this case. *See* Fed. R. Bankr. P. 9014(c) and 1999 Amendments to Advisory Committee Notes to Rule 9014(c) (rule amended to delete Rule 9062 from the list of Part VII rules that automatically apply in a contested matter).

[3] *Phelps*, 122 F.3d at 1324 (citing *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir.1992) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985))).

Matthews makes no allegation that the Court has made an error of law, nor does he present any evidence to the Court for consideration. Unsupported statements made in a brief by counsel are not evidence to be considered by the Court.[4] On the record before it, the Court would be well justified in refusing to grant any additional relief to Matthews. However, for the benefit of Matthews and any others who may come to review the Memorandum Opinion, the Motion, and the Judgment, the Court will consider each argument advanced by Matthews.

*1. The compliance period is not intended to be punitive.*

Matthews requests the Court to extend the time for compliance with the Judgment for 45 days. He argues that because there has been no showing that Bill Brown is in immediate need of the funds at issue, it is therefore unduly burdensome to require Matthews to repay the funds within 10 days. Matthews also argues that because the funds were received over a period of months, immediate disgorgement is akin to a punitive sanction and is unfairly prejudicial to a solo practitioner like himself.

The Court disputes Matthews's allegation that the 10-day compliance period is punitive in nature. Matthews received funds from a debtor to which he was not entitled, and the Court ordered those funds disgorged. The debtor's need for the funds is irrelevant. Matthews has made no showing that he is financially unable to comply with the terms of the Judgment. However, upon reflection, the Court finds that the time for appeal and the time for compliance with the Judgment need not coincide. Therefore, the Court will grant the motion to amend the Judgment in part and

---

[4] *See Allard v. Vinci (In re DeLorean Motor Co.)*, 91 B.R. 766, 769 (Bankr. E.D. Mich. 1988) ("In deciding a summary judgment motion, the court disregards unsupported assertions made on brief, statements in affidavits that represent mere conclusions, as well as assertions made upon information and belief.").

extend the date for compliance with the Judgment until 25 days from the date of this Memorandum Opinion. This ruling effectively grants Matthews the extension that he seeks.[5]

*2. The Judgment is not an excessive exercise of the Court's powers under section 105.*

Matthews claims that the Court exceeded its discretion and authority in ordering him to disgorge fees received from the debtors in these cases, although he does not seek any specific relief from the Court related to this point. He expends considerable energy attempting to characterize the order of disgorgement as a sanction. As set forth in the Memorandum Opinion, the Court ordered Matthews to return fees that he had no right to receive. The Court does not consider the disgorgement of such funds to be a sanction, but merely the return of funds to their rightful owner. Giving back something which does not belong to you can hardly be considered a punishment. To the extent the Judgment prohibits Matthews from taking any further collection actions against the debtors, the same can hardly be said to be punitive, given Matthews's admission that he "had already taken the remedial actions necessary to release his lien and the promissory note."[6] A judgment that orders someone to do something which they have already undertaken voluntarily can hardly be said to be punitive.

Matthews's characterization of the Judgment as a cumulative sanction is disingenuous. All

---

[5] In the Motion, Matthews also requests a "stay of procedures under Rule 62 of the Federal Rules of Civil Procedure and Rule 9023 of the Federal Rules of Bankruptcy Procedure." *Motion* at 9. The Court is uncertain as to what, if any, additional relief Matthews seeks under these rules. As noted above, Federal Rule of Civil Procedure 62 does not automatically apply to contested matters in bankruptcy cases. Moreover, as there has not yet been an appeal of the Judgment, there can be no motion for stay pending appeal. Therefore, at this time the Court declines to grant any relief other than an extension of the time in which Matthews must disgorge fees under the terms of the Judgment.

[6] *Motion* at 4.

4

the Court has done is ordered Matthews to return monies to which he is not entitled, and to not attempt to collect any additional sums from these debtors. The Court has not suspended Matthews from practice, nor has it referred him to a disciplinary authority. The Judgment simply outlines the consequences for Matthews should he choose not to abide by its terms. The Court believes that alerting Matthews at the time the Judgment is entered to the consequences of his actions should he choose to ignore the Judgment is more appropriate than informing him after the fact.

*3. The Judgment does not place a burden on Court resources.*

Matthews alleges that compliance by counsel with the Bankruptcy Code's attorney fee disclosure and approval requirements will create a burden on the Court's electronic filing resources. The nature of Matthews's concern remains a mystery to the Court. Neither the Memorandum Opinion nor the Judgment placed new filing requirements upon counsel in this District regarding fee applications; to the contrary, the Court applied the current law to the facts of these cases. Although Matthews did not seek any specific relief in conjunction with this argument, the Court is confident that it has sufficient resources to review fee applications and disclosures by counsel as required by the Bankruptcy Code.

*4. The Court will not issue an advisory opinion.*

Lastly, Matthews seeks an order clarifying the appropriate guidelines for fee applications and disclosure in the event payment to an attorney is to be made over the course of time. Contrary to Matthews's assertions, the law on attorney obligations with respect to disclosure and approval of attorney fees in bankruptcy is readily available in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, case law, and various treatises on the subject. Any further statement by this

Court on the subject would be advisory in nature. This Court does not issue advisory opinions.[7]

## Conclusion

The Motion is granted in part. Matthews is granted an additional 25 days to perform the tasks required of him under the Judgment. All other requests for relief are denied. A separate amended judgment consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 19th day of July, 2007.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

4959.5

---

[7] Matthews also requests an order finding that disgorgement of the fees at issue "will satisfy the Court's concerns and constitute a resolution of all issues before this Court <u>and other tribunals</u>[.]" *Motion* at 9 (emphasis added). It is unclear what "other tribunals" Matthews is referring to. If he is referring to the Disciplinary Committee of the United States District Court for the Northern District of Oklahoma, the Judgment is clear–the matter to be referred to that committee would be Matthews's failure to comply with the Judgment. If he complies with the Judgment, there is nothing to refer. If Matthews is referring to some other "tribunals," the Court is at a loss to understand the request or to grant relief.